FILED
00 JAN 31 PM 1:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

JO ASTON BURGESS, and DR. ]
JAMES R. BURGESS, ]
 ]
    Plaintiff(s), ]
 ] CV-99-N-2779-E
    vs. ]
 ]
NICK MANUAL HERNANDEZ, and ]
PREFERRED SAND & GRAVEL, ]
INC. et al., ]
 ]
    Defendant(s). ]

ENTERED
JAN 3 1 2000

## Memorandum of Opinion

The court has for consideration the plaintiffs' motion to remand filed November 8, 1999.[1] (Document #4). In response to the court's briefing schedule, the parties have addressed the pertinent issues and the motion is now ripe for decision. Accordingly, the motion to remand is denied.

This matter was filed on September 10, 1999, in the Circuit Court of Talladega County, Alabama. The summons and complaint were served upon defendants, Nick Manual Hernandez and Preferred Sand & Gravel, Inc., on September 21, 1999. On October 15, 1999, the defendants, pursuant to 28 U.S.C. § 1441, removed this action to the United States District Court, Northern District of Alabama based on diversity jurisdiction, 28 U.S.C. § 1332. However, defendant Hernandez, on his own behalf, filed a responsive pleading with

---

[1] The court also has for consideration the plaintiffs' motion to strike the affidavit of Nick Manual Hernandez filed December 7, 1999 (Document #9). The plaintiffs contend that the affidavit of Mr. Hernandez is due to be stricken because it allegedly contains false and misleading information. However, simply because an affidavit contains statements that a party disagrees with, or disputes, does not mean that it should be stricken. Accordingly, the motion is denied.

the Circuit Court of Talladega County, Alabama on October 18, 1999.[2] At this time, the notice of removal had not been filed with the state court clerk. The defendants, including Hernandez, filed an answer on November 3, 1999, in the United States District Court. On November 8, 1999, the plaintiffs, pursuant to 28 U.S.C. § 1447(c) moved the court to remand this matter to the Circuit Court of Talladega County. According to the plaintiffs, remand is appropriate because Defendant Nick Manual Hernandez did not consent to the removal of said action and/or he waived his right to removal by filing an "answer" in the Circuit Court of Talladega County, Alabama.

A defendant has waived the right to remove if the court finds that the defendant "clearly and unequivocally intended to waive the right to remove and to submit to the state's jurisdiction." *Haynes v. Gasoline Marketers, Inc. et al.*, 184 F.R.D. 414, 416 (M.D. Ala. 1999). A number of courts that have addressed whether filing an answer manifests an intent to submit to the state's jurisdiction have found such intent to be lacking. *See e.g., Haynes*, 184 F.R.D. at 417 (defendant's filing of an Answer on the same date upon which it filed a Notice of Removal was not manifestation of intent to waive its right to remove); *Miami Herald Pub. Co. Div. of Knight-Ridder Newspapers, Inc. v. Ferre*, 606 F. Supp. 122 (S.D. Fla. 1984) (defendants filing of answer and affirmative defenses in state court did not constitute waiver of its right to petition for removal); *Somoano v. Ryder Systems Inc.*, 985 F. Supp. 1476, 1477 (S.D. Fla. 1998)(filing a motion to dismiss, like filing an answer, does

---

[2] As a result of Hernadez mailing his responsive submissions, there is some confusion about when these documents were actually filed with the state court. Although the defendant asserts that such documents were filed "on or about October 12, 1999," the state court docket sheet reflects they were filed on October 14, 1999, while the actual documents were stamped filed on October 18, 1999.

not constitute waiver of right to proceed in federal court); *Bourdier v. Diamond M Odeco Drilling, Inc.*, Civ. A. No. 93-3667, 1994 WL 25526, at *2 (E.D. La. Jan. 24, 1994)(the filing of the defendant's answer in the state court proceeding was insufficient to constitute a waiver).

In the present matter, the parties have dedicated a considerable amount of time discussing whether Hernandez's filing should be considered as answers to interrogatories or as an answer to the complaint. In light of the persuasive precedent discussed, regardless of what was filed, the defendants have not waived their right to file a Notice of Removal. An ambiguous filing by an individual defendant not represented by counsel does not evidence a clear and unequivocal intent to waive the right to remove and to submit to the state court's jurisdiction. This, coupled with the fact that the lawsuit had not been pending in state court for a sustained period of time, nor were any other filings submitted in state court, leads the court to the conclusion that the defendant has the right to file a petition for removal.

In addition, the plaintiffs assert that because Hernandez did not consent to removal, remand is appropriate. In response, the defendants, including Hernandez, state that they gave counsel consent to file the notice of removal. As best the court can tell, Hernandez mailed the responsive documents to the Talladega County Court on October 12, 1999. Before the state court stamped filed these documents, and before the notice of removal was filed in the United States District Court, Hernandez was contacted by his attorney wherein he consented to removal. While the plaintiffs have come forward with some evidence suggesting that Hernandez may have intended to file an answer with the

3

Talladega County Court, they have failed to present any evidence which contradicts Hernandez's statement that he consented to removal. As such, the only evidence before the court demonstrates that all of the defendants had consented to removal at the time the proper notice was filed.

The actions of Mr. Hernandez do not manifest a clear intent to submit to the court's jurisdiction, nor is there evidence that he did not consent to the removal. As such, the motion to remand is due to be **DENIED**. Hopefully, now that Hernandez is represented by counsel, the disorderliness and confusion that has marked the early stages of this matter will not become a recurring theme throughout the rest of the case.

Done, this _21st_ of January, 2000.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE